

# WEISS & AKERMAN
### ATTORNEYS AT LAW

TELEPHONE  (212) 233-0800
FACSIMILE  (212) 233-0155

WWW.WEISSANDAKERMAN.COM

MANHATTAN:
52 DUANE STREET
7TH FLOOR
NEW YORK, NEW YORK 10007

BROOKLYN:
1210 KINGS HIGHWAY
3RD FLOOR
BROOKLYN, NEW YORK 11229

**VIA ECF**

Hon. Dale E. Ho
United States District Cour
Southern District of New York
500 Pearl Street
New York, NY 10007

   Re: Falcon et al v. Best Freight LLC et al
      1:23-cv-02933-DEH

Dear Judge Ho:

  I represent plaintiffs in this action.  Please allow this to serve as plaintiff's letter-motion for discovery relief.

  This personal injury case arises out of a motor vehicle collision between plaintiff's car and defendants' truck.  The complaint, which was originally filed in New York Supreme Court, alleged causes of action for negligence in the operation of the truck, negligent entrustment, and hiring and retention.

  The deposition of the owner of the truck, Best Freight, has yet to be conducted, and defense counsel has advised, as I understand their position, that they will not permit the representative of Best Freight, yet to be designated, to answer questions regarding the claims of negligent entrustment, hiring and retention, and would only permit him/her to testify regarding the facts of the incident itself.

  As I further understand defense counsel's position, since Best Freight is vicariously responsible as the owner of the truck for the negligence of the driver, the additional causes of action for negligent entrustment, hiring and retention, are irrelevant, or subsumed by its general vicarious liability.

  Our position is that we are entitled to discovery and to inquire at a deposition as to all these matters.

Re:     Falcon et al v. Best Freight LLC et al                                         Page 2
        1:23-cv-02933-DEH

    First, the scope of discovery is broad, and as provided in Rule 26(b), authorizes "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."

    Second, even if defendants are correct that the additional causes of action could be barred if there is vicarious liability, there is an exception to this rule where punitive damages may be claimed.  <u>Gipe v. DBT Xpress, LLC</u>, 2017 N.Y. Slip Op. 4258 (N.Y. App. Div. 2017); <u>Quiroz v. Zottola</u>, 96 A.D.3d 1035, 948 N.Y.S.2d 87 (N.Y. App. Div. 2012).

    Under state law, a claim of punitive damages is not a separate cause of action and was not, and would not be, pleaded in the complaint.  <u>Rocanova v. Equitable Life</u>, 83 N.Y.2d 603, 612 N.Y.S.2d 339, 634 N.E.2d 940 (N.Y. 1994); <u>Jean v. Chinitz</u>, 83 N.Y.S.3d 55, 163 A.D.3d 497 (N.Y. App. Div. 2018).

    To this end, discovery should be permitted to the extent it may go to the claim of punitive damages.  <u>Gipe v. DBT Xpress</u>, <u>supra.</u>

    Accordingly, even if these claims don't succeed, we should still be entitled, at this point, to take discovery on all issues relevant to our claims.

    Accordingly, we seek the Court's intervention in this matter so that discovery can proceed.

    I conferred with defense counsel regarding this matter on several occasions, including by email exchange on March 5-8, and a discussion on March 11, following another deposition conducted.

Respectfully,

Robert Weiss

---

Application **GRANTED**.

The Complaint alleges negligent hiring, retention, and supervision.  *See* Compl. 5-6, ECF No. 1-1.  Generally speaking, such a claim cannot proceed where, as here, liability arises from an employee's actions committed within the scope of their employment.  But there is an exception to that rule where punitive damages are sought.  *See Quiroz v. Zottola*, 96 A.D.3d 1035, 948 N.Y.S.2d 87 (N.Y. App. Div. 2012).  While the Complaint does not expressly request punitive damages, they need not be pled as a separate cause of action under New York law.  *Jean v. Chinitz*, 83 N.Y.S.3d 55, 163 A.D.3d 497 (N.Y. App. Div. 2018).  In light of the Third Cause of Action, the Complaint adequately put Defendants on notice of breadth of Plaintiffs' claims.  Compl. 5-6.  While Defendants raise questions as to the merits of those claims, ECF No. 33, at this stage of the proceedings, the Court will not preclude Plaintiffs from taking discovery as to negligent entrustment, hiring and retention.

The Clerk of Court is respectfully requested to close ECF No. 20.

SO ORDERED.

Dale E. Ho
United States District Judge
Dated: April 2, 2024
New York, New York